```
                 THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WILLIAM THAYER,<br><br>              Plaintiff,<br><br>        v.<br><br>INTERNAL REVENUE SERVICE<br><br>              Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 05-5510 (JBS)<br><br><u>**OPINION**</u> |

APPEARANCES:

Mr. William Thayer
3100 Boardwalk
Atlantic City, NJ 08401
     Plaintiff <u>pro se</u>

Lawrence P. Blaskopf, Esq.
Trial Attorney, Civil Trail Section
United States Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
     Attorney for the Internal Revenue Service

**SIMANDLE**, District Judge:

This matter comes before the Court upon the motion for summary judgment of Defendant Internal Revenue Service ("IRS"). This case involves the challenge of Plaintiff William Thayer, appearing <u>pro se</u>, to the results of a collection due process hearing before the IRS claiming that he was denied due process by the IRS' hearing officer's failure to provide Plaintiff with sufficient time to prepare and accumulate the necessary documents prior to the hearing.  For the reasons discussed below, summary

judgment will be granted in favor of Defendant Internal Revenue Service.

I. **BACKGROUND**

    A. **Facts Related to the Administrative Proceedings**

On October 14, 2004, the IRS issued to Plaintiff a notice of intent to levy regarding his liability for trust fund recovery penalties for periods ending June 30, 1988, June 30, 1989, March 21, 1990, and September 30, 1991. (Declaration of Edith Dermody ¶ 3.)  On November 14, 2004, the IRS received from Thayer a request for a collection due process ("CDP") hearing under 26 U.S.C. 6330.[1]  (Id. ¶ 4.)  Settlement Officer Edith Dermody, who had no prior involvement with the outstanding tax liabilities, was assigned to conduct the hearing.  (Id. ¶ 5.)

On July 20, 2005, Dermody sent Thayer a letter scheduling a CDP for August 24, 2005 and suggested that the hearing by held by telephone and stated she would call Plaintiff's power-of-attorney (Henry M. Ricci) at his office, but also gave Plaintiff the option of having a face-to-face conference.  (Id. ¶ 6.)  In her letter to Plaintiff, Dermody requested that, in advance of the hearing, Plaintiff send her a completed Form 433-A (Collection Information Statement) by August 5, 2005 and a signed copy of his

---

    [1] Section 6330(a)(1) states, in part, that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." 26 U.S.C. 6330.

2

2004 income tax return by August 15, 2005.  (Id.)  She sent a copy of this letter to his representative, Mr. Ricci.  (Id.) Plaintiff never sent Dermody the requested documents prior to the hearing.  (Id. ¶ 7.)

At the time set for the August hearing, Dermody called Ricci's office and Ricci informed her that he no longer was represented Thayer.  (Id.)  Later that day, Dermody received a message from Steven Goldman, an individual that informed her that he would be representing Plaintiff.  He requested additional time to review the matter, which was granted and Dermody left a voice-mail message with Goldman in which she requested that he submit the appropriate form (Form 2848) under which he could be the Power of Attorney and represents Plaintiff regarding the tax liabilities at issue.  (Id. ¶ 8.)

Dermody never received a response from Goldman.  As a result, on September 12, 2005, Dermody sent Plaintiff a second letter offering him a final opportunity for a hearing, tentatively scheduling a hearing for September 28, 2005.  (Id. ¶ 9, Ex. B.)  Dermody also requested that he submit the documents she had previously requested (a Collection Information Statement and a signed copy of his 2004 income tax return) by September 26, 2005 and asked Plaintiff to contact her if he had any question. Dermody never received a power of attorney authorizing Goldman to represent Plaintiff and according to her affidavit, Plaintiff

3

never contacted her to request an adjournment of the hearing. (Id. ¶ 10.)

After failing to hear from Plaintiff, Dermody verified that the requirements of the applicable laws and administrative procedures were met and determined that a federal tax levy balanced the need for efficient tax collection with Plaintiff's concern that any collection action be no more intrusive than necessary. (Id. ¶¶ 11-12.) Next, on October 21, 2005, the IRS's Appeals Office issued a Notice of Determination in which the proposed levy against Thayer's property was sustained. (Id. ¶ 13, Ex. C.)

In his Complaint, Plaintiff states that on or before September 24, 2005, the Plaintiff sent the IRS the requested "1040 forms for 2004 as well as a letter explaining his need for additional time due to an automobile accident in which he sustained a head injury." (Compl. ¶ 6.) Plaintiff states that, due to a serious automobile accident which occurred in May of 1995, he required an extension of time to file the materials needed for the CDP hearing.

**B.   Procedural History**

Plaintiff filed his Complaint in this Court on November 21, 2005 seeking what appears to be reconsideration of the IRS' determination regarding the proposed levy against Plaintiff. Defendant IRS moved for summary judgment on September 25, 2006.

[Docket Item No. 14.]  After considerable delay, Plaintiff filed his opposition to the Defendant's motion on December 3, 2006.

## II. DISCUSSION

### A. Summary Judgment Standard of Review

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3] Liberty Lobby, 477 U.S.

---

[2] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

[3] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at

at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

### B.  **Standard of Review for Appeal of an IRS Determination**

The Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6330(d)(1).  Section 6330(d)(1)(B) provides that a taxpayer has the right to a CDP hearing before a levy is made on the taxpayer's property or right to property when the subject matter of the CDP hearing is not within the jurisdiction of the United States Tax Court.  See Pediatric Affiliates, P.A. v. United States, 2006 U.S. Dist. LEXIS 9181, *6-8 (D.N.J. Feb. 22, 2006); Reid & Reid, Inc. v. United States, 366 F. Supp.2d 284, 287 (D. Md. 2005); see also Garage v. United States, 2005 U.S. Dist. LEXIS 40151 at *2 (D.N.J. Nov. 22, 2005) (noting that the district court's jurisdiction was contingent upon the Tax Court lacking jurisdiction).[4]  The United States Tax Court has jurisdiction over issues related to income taxes and to "determine the correctness of deficiency assessments made by the Commissioner of Internal Revenue."  STA Painting Co. v. IRS, 2004

---

trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Country Floors v. Partnership of Gepner and Ford, 930 F.2d 1056, 1061-63 (3d Cir. 1991).

[4] Specifically, Section 6330(d)(1) provides: "the person may . . . appeal such determination (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matters); or (B) if the Tax Court does not have jurisdiction over the underlying tax liability, to a district court of the United States." 26 U.S.C. § 6330(d)(1).

U.S. Dist. LEXIS 2126 (E.D. Pa. Feb. 11, 2004)(quoting Danner v. United States, 208 F. Supp. 2d 1166, 1170 (E.D. Wash. 2002)). Here, Plaintiff does not challenge the correctness of an assessment but the methods in which it will be collected (by federal tax levy).  Thus, this Court, and not the United States Tax Court, has jurisdiction under § 6330.

Section 6330 does not provide a standard of review to be applied by the district court and the Third Circuit has yet to address this issue.  See Quigley v. United States, 358 F. Supp. 2d 427, 430 (E.D. Pa. 2004); STA Paining Co., 2004 U.S. Dist. LEXIS 2126 at *2.  The legislative history of § 6330(d)(1) however, provides that judicial review of an IRS CDP hearing is conducted under an abuse of discretion standard.  See H. Rep. No. 105-599 at 266 (1998) ("where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for an abuse of discretion . . . standard of review"); Two Bros. Constr. Corp. v. United States, 2007 U.S. Dist. LEXIS 11169, *8-9 (D.N.J. Feb. 17, 2007); see also Christian v. Comm'r, 2003 U.S. Dist. LEXIS 11288, *2 (E.D. Pa. June 6, 2003). Under this standard, a court must consider "whether the decision [of the hearing officer] was based on consideration of the relevant factors and whether there has been a clear error of judgment."  Christian, 2003 U.S. Dist. LEXIS 11288 at *2.

7

**C.   Analysis**

Plaintiff brings this action against the IRS alleging that the IRS settlement officer did not fulfill Plaintiff's right to a CDP hearing, in violation of 26 U.S.C. § 6330(b).  Specifically, Plaintiff claims that he was "denied due process by the hearing officer's failure to provide Plaintiff [with] sufficient time to prepare and accumulate the necessary documents to have a meaningful due process hearing within the scope of Section 6330." (Compl. ¶ 10.)

In its motion for summary judgment, the IRS argues that the CDP hearing met the requirements of § 6330 as the settlement officer has no prior dealings with Plaintiff's tax case and verified that the requirements of the applicable laws and administrative procedures.  Moreover, the IRS argues that, by failing to respond to their request for documents and for a CDP hearing, Plaintiff failed to offer them any realistic collection alternatives to the federal tax levy.  In his opposition, Plaintiff argues that (1) this motion is premature and that he requires a sixty day continuance to permit him to obtain the affidavit of Steven Goldman, Plaintiff's one-time personal representative and (2) a genuine issue of material fact exists because Plaintiff left Settlement Officer Dermody a voice mail message requesting a continuance of the September hearing and Dermody abused her discretion in denying such a continuance.

In this case, the Court finds that Settlement Officer Dermody did not abuse her discretion and met all hearing requirements under § 6330(b).  Section 6330(b) requires that the hearing officer assigned to the case have no prior involvement with the particular unpaid tax liabilities which are the subject of the proposed collection activity and that the settlement officer verify that the requirements of any applicable law or administrative procedure have been met.  See 26 U.S.C. § 6330(c)(1).  It is clear that the IRS complied with these requirements as (1) Plaintiff's hearing was conducted by Dermody, who had no prior involvement with his tax liabilities (Dermody Decl. ¶¶ 1, 2, 5) and (2) that Dermody verified that the requirements of the applicable laws and administrative procedures were met.  (Dermody ¶ 12.)

Plaintiff's argument that he was denied due process because he did not have sufficient time to collect the requested documents before the CDP hearing must be rejected for two reasons.  First, because he never raised this issue at the administrative level, he is precluded from raising it now as this Court's review is limited to the administrative case history. See Camp v. Pitts, 411 U.S. 138, 142 (1973)("In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.")  Second, from reviewing

9

the numerous attempts at communication with the Plaintiff made by Dermody, it is evident that Plaintiff was provided with more than sufficient time to prepare and gather the necessary documents for a CDP hearing.  It is important to note that Plaintiff himself started this process by requesting a CDP hearing on November 14, 2004.  On July 20, 2005, Dermody sent a letter to Plaintiff scheduling a CDP hearing on August 24, 2005 and requested that Plaintiff provide her with a completed Collection Information Statement (Form 433-A) by August 5, 2005 and a copy of his 2004 income tax return by August 15, 2005.  Thus, Plaintiff had more than two weeks to provide the IRS with a Collection Information Statement (a six-page document asking for basic financial information) and over three weeks to provide a copy of his 2004 income tax return but failed to provide them.  Plaintiff also failed to appear (or arrange for a representative it appear by telephone) for the August 24, 2005 hearing (after being given over one month's notice) and failed to contact Dermody to request additional time.  This process was repeated one month later when Dermody, in a letter dated September 12, 2005, offered Plaintiff a final opportunity for a CDP hearing on September 28, 2005 (with the relevant documents due on September 26, 2005).  Again,

Plaintiff failed to provide the requested documents or attend the hearing.[5]

Second, it is also clear that Plaintiff failed to offer a realistic collection alternative to the federal tax levy.  Under § 6330(c)(3), the settlement officer must consider whether a proposed collection alternative balances the need for the efficient collection of the revenue with the legitimate concern that the collection action be no more intrusive than necessary.  28 U.S.C. § 6330(c)(3).  In this case, Plaintiff proposed in his request for a hearing that he would submit a compromise offer as a collection alternative in his request for a hearing.  Plaintiff, however, failed to do so as he never provided Settlement Officer Dermody with the necessary documents (the requested Collection Information Statement and a copy of his 2004 income tax return) that would allow her to consider such a compromise.  Moreover, neither he nor a representative appeared for his CDP hearing -- despite the fact that Dermody had given Plaintiff two opportunities to do so -- or contacted Dermody to

---

[5]  Plaintiff claims that he called Dermody to request additional time or an adjournment of the hearing but he has failed to provide an affidavit swearing to as much.  Even if Plaintiff had requested an adjournment, Dermody's decision to deny his request for an adjournment for the second scheduled CDP hearing is not an abuse of discretion.  As such, he fails to raise a genuine issue of material fact.

request rescheduling the CDP hearing or additional time to provide Dermody with the requested documents.[6]

### III. CONCLUSION

For all of the reasons discussed above, Defendant Internal Revenue Service's motion for summary judgment will be granted. The accompanying Order shall be entered.

**April 24, 2007**                                    **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                      United States District Judge

---

[6] The Court also rejects Plaintiff's argument that the Court should grant Plaintiff a sixty day continuance because Plaintiff was unable to obtain an affidavit from his "purported personal representative" Steven Goldman prior to the deadline for answering Defendant's motion for summary judgment. (Pl.'s Opp. Br. at 3.) The Court notes that Plaintiff's opposition was originally due on October 6, 2006, but after the Court gave Plaintiff a number of additional extensions, Plaintiff filed his opposition on December 3, 2006, nearly two months after it was originally due. Thus, the Court is not inclined to grant Plaintiff an additional sixty days to obtain the affidavit. Moreover, Plaintiff has not articulated (and this Court has failed to surmise) why Mr. Goldman's affidavit is "essential" to Plaintiff's response to Defendant's summary judgment motion. Moreover, there is no plausible reason why Plaintiff could not have easily obtained Mr. Goldman's affidavit in the months following Defendant's filing of the summary judgment motion, since Goldman was purportedly Plaintiff's putative representative in the past. Plaintiff's request for a continuance is denied.